### CHAMPLIN REFINING CO. v. STATE INDUSTRIAL COM. et al.

No. 22571. Opinion Filed Nov. 3, 1931.

N. Scarritt and E. S. Champlin, for petitioner.

Fred M. Hammer and M. J. Parmenter, for respondent.

KORNEGAY, J. This is a proceeding to review an award of the Industrial Commission made on the 17th of June, 1931, as follows:

"(1) That on the 1st of April, 1930, the claimant, W. C. Weaver, was in the employment of the Champlin Refining Company and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and on that

date sustained an accidental injury, consisting of injury to his hand and fingers.

"(2) That at the time of said accidental injury the average daily wage of claimant was $4.

"(3) That by reason of said accidental injury as aforesaid, the claimant worked intermittently from the date of injury to January 19, 1931, for which temporary total disability the claimant has heretofore received payment.

"(4) That by reason of said accidental injury, the claimant has sustained a 25 per cent. permanent partial loss of the use of his left hand.

"The Commission is of the opinion: By reason of the foregoing facts, that the claimant herein is entitled to 50 weeks' compensation at the rate of $15.39 per week, or a total sum of $769.50, being 25 per cent. permanent partial loss of use of hand by reason of injury to hand and fingers of the right hand by reason of said injury.

"It is therefore ordered: That within 15 days from this date, the respondent, Champlin Refining Company, pay to the claimant herein, 50 weeks' compensation for permanent partial loss of use of the right hand, being 25 per cent. disability to the said hand, at the rate of $15.39 per week, or a total of $768.50, to be paid in lump sum; and that all temporary total compensation has heretofore been paid.

"It is further ordered: That within 30 days from this date, the respondent file with the Commission receipts or other proper report evidencing compliance with the terms of this order."

The Champlin Refining Company, being its own carrier, brings the proceeding here in order to review that finding, and has filed a brief, and at the end of it we find the following contention:

"In conclusion, the contention of the petitioner, Champlin Refining Company, when summarized, is as follows: That the record discloses that the respondent, W. C. Weaver, sustained an injury which resulted in a 50 per cent. loss of the use of the ring finger of the right hand and a total loss of the use of the middle finger of the right hand, and that as a result of said injury or injuries, the tendons leading to the injured fingers were somewhat stiff and sore. That, nevertheless, the tendons are a competent part of the finger, and since all of the expert witnesses who testified as to the condition of the respondent's hand were of the opinion that should the fingers be amputated, there would be no remaining disability to the hand, then, as a matter of fact, the only actual injury or disability was to the fingers themselves, and compensation should have been payable upon that basis."

This necessitates the ascertaining of what a hand is. It is defined in Webster's New International Dictionary as follows:

"1. The terminal part of the arm when, as in man and the apes, it is specially modified as a grasping organ. In anatomical usage the hand, or manus, includes the phalanges, or fingers and thumb; the metacarpus, or hand proper; and the carpus, or wrist; but in popular usage the wrist is often excluded."

It is defined in the American Illustrated Medical Dictionary, by Dorland, as being:

"The carpus, metacarpus, and fingers together."

And there are various kinds of hands set out right after that, according to the way they are used.

According to the employer's first notice of injury, found on page 3 of the transcript, the man was a yard laborer, and "this man was helping another man run wench; they were winding up slack cable on spool; the other man was turning handle and this man was standing there talking to him and turned around and as he did so he got his right hand caught in the cogs." It appeared that the ends of two of his fingers were so completely mashed that it was thought best to cut one joint off of one of the fingers, and the other finger was in bad shape.

The doctors made estimates as to the hand and the fingers, and at page 11, almost in the beginning of the case, Doctor Watson said:

"A. Yes, he could not close his hand. Q. He could not close his hand? A. No. Q. State what the injury is to the palm? A. There is a hypoplasia of the tendons. Q. Where do they extend, Doctor? A. They extend all the way up. Q. To the wrist? A. Yes."

There are others who testified on the same line. The term "hypoplasia" is defined in Dorland's Dictionary as follows:

"Defective or incomplete formation."

There were evidently some of the elements here of "hyperplasia," as defined in the same dictionary as being:

"The abnormal multiplication or increase in number of the tissue elements"

—and in Webster's New International Dictionary as follows:

"An abnormal or unusual increase in the elements composing a part, as of the cells of a tissue."

Evidently this doctor was talking about the shrinkage of the tendons in the palm of the

hand that went to the injured fingers, but there was on one of the tendons a lump of some kind, and he speaks of an enlargement of the fingers themselves. It appears that there was an enlargement on one of the tendons that some of the doctors attributed to being due to having worked with the tools for a long time.

Various estimates were made by the various witnesses as to the extent of the injury and its effect on the man's earning power. Evidently the man, by reason of the injury to his fingers and to the palm of the hand, sustained a loss of the use of the hand as applied to any vocation requiring gripping power. There was some talk about infection getting into this part of the hand.

The Commission saw it also, and they saw fit to fix the award and gauge it at being 25 per cent. of loss of the use of the hand, allowing him 50 weeks' compensation in a lump sum, while the petitioner for review thinks that the tendon is a part of the finger, instead of being a part of the hand, and the allowance should have been cut to 40 weeks.

In all these matters, as fairly illustrated by this testimony, there is a variation in the view that each and every man will have of the injury and its probable consequences, but in this case the Industrial Commission, that saw the hand and its workings and listened to the testimony of the experts, by applying their own knowledge and experience to the situation, found as a matter of fact that he had lost 25 per cent. of the use of the hand, and allowed compensation accordingly. We do not think we would be authorized to disturb that finding under the evidence, and the award is therefore affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, ANDREWS, and McNEILL, JJ., concur. SWINDALL and HEFNER, JJ., absent.